# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MELANIE MARIE LOWTHER and ADAM CHARLES LOWTHER, | No. 61290-9-II |
| Respondents, | |
| v. | |
| JOSHUA CZEBOTAR, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Joshua Czebotar appeals the trial court's grant of an antiharassment protection order to Melanie Lowther, her husband, and her two children.[1] Czebotar and Lowther are neighbors and their children attend the same elementary school. One day at the children's school, Czebotar screamed at Lowther, threw a water bottle at her head, and prevented her from closing her car door. This incident appears to have been sparked by a disagreement between Lowther's children and Czebotar's children. The trial court entered a one-year protection order on May 5, 2025, that expired on May 5, 2026. Therefore, the protection order no longer is in effect.

---

[1] We refer to all the subjects of the protection order collectively as "Lowther." No disrespect is intended.

Czebotar argues that the trial court erred in (1) entering the antiharassment order, and (2) awarding attorney fees to Lowther. Although Czebotar's challenge to the antiharassment order now is moot, we must address whether entry of the protection order was proper to evaluate the attorney fee issue. We hold that the trial court did not err in entering the antiharassment order or in awarding attorney fees to Lowther. Accordingly, we affirm the trial court.

FACTS

On April 7, 2025, Lowther filed a petition for an antiharassment protection order in district court against Czebotar on behalf of herself, her husband, and her two children. The district court transferred Lowther's petition to superior court.

Lowther stated in a declaration supporting her petition that on April 4, 2025, Czebotar assaulted her at their children's school. The declaration stated:

> I was approached in my vehicle by [Czebotar] as I was getting in the driver's seat of my vehicle and preparing to leave with my son. [Czebotar] was yelling and swearing at me. He was angry and visually aggressive. [Czebotar] also threatened me. After verbally accosting me in front of dozens of parents, school staff, and students, [Czebotar] proceeded to throw a plastic water bottle at me with full force. The water bottle was not empty and splashed water all over me and my car as it hit the inner door jamb of my vehicle.

Clerk's Papers at 51. Lowther stated that she believed that Czebotar was upset due to a disagreement between Lowther's children and Czebotar's children at school.

Lowther alleged that the experience caused her substantial emotional distress, including severe stress and anxiety, and that she had experienced sleepless nights and loss of work. She said that she was terrified of encountering Czebotar again, especially because their children attended the same school. Lowther feared that Czebotar would retaliate against her or assault her again.

Lowther also filed a motion for attorney fees and costs. She requested $6,500 in attorney fees.

The trial court entered an antiharassment protection order restraining Czebotar for a period of one year. The court's order requires Czebotar to stay 500 feet away from Lowther and her family except when entering and leaving their neighborhood, and requires that he stay 100 feet away from Lowther when at his child's school. The court also awarded Lowther $4,000 in attorney fees.

The day after the trial court entered the protection order, Czebotar filed various exhibits and documents with the trial court. Czebotar stated that the documents showed that Lowther committed perjury or lied about the incidents that were the basis for the protection order. The documents included letters from character witnesses, photographs and police reports. There is no indication that the trial court took any action regarding these documents.

Czebotar appeals the trial court's entry of an antiharassment protection order and the award of attorney fees to Lowther.

ANALYSIS

A. ANTIHARASSMENT PROTECTION ORDER

Czebotar argues that the trial court erred when it entered the antiharassment protection order for Lowther and her children. The appeal of the entry of this order now is moot because the protection order expired on May 5, 2026, but we must address the merits in order to evaluate the trial court's award of attorney fees. We disagree that the trial court erred.

1. Standard of Review

We review a trial court's decision to grant a protection order for an abuse of discretion. *In re Domestic Violence Prot. Ord. for Timaeus*, 34 Wn. App. 2d 670, 678, 574 P.3d 127 (2025).

A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

We review the trial court's findings of fact for substantial evidence. *Id.* Substantial evidence is evidence "sufficient to persuade a fair-minded person of the truth of the matter asserted." *Id.* at 679. We do not weigh credibility of witnesses or the persuasiveness of evidence. *Id.*

2.  Analysis

RCW 7.105.225(1)(f) states that the trial court must issue an antiharassment protection order if it finds by a preponderance of the evidence that "the petitioner has been subjected to unlawful harassment by the respondent."

Czebotar's only argument on appeal is that Lowther lied or committed perjury in her representations to the trial court to receive the protection order. However, we do not weigh the credibility of witnesses or the persuasiveness of the evidence. *Timaeus*, 34 Wn. App. 2d at 679. Czebotar does not argue that the trial court's ruling is not supported by substantial evidence or otherwise constitutes an abuse of discretion.

Czebotar appears to argue that he was not able to submit evidence in his defense because he was informed of the wrong date for the protection order hearing. But RAP 9.1(a) limits our review to the trial court record, and Czebotar provides no citations to the record to support this claim.

Czebotar also argues that we must consider the evidence he submitted the day after the trial court entered its protection order. But there is no indication that the trial court considered Czebotar's additional evidence in issuing the protection order, which is the only order under review on appeal.

Accordingly, we hold that the trial court did not abuse its discretion in entering the protection order.[2]

B.       ATTORNEY FEE AWARD

Czebotar argues that the trial court abused its discretion when it awarded Lowther her attorney fees.  We disagree.

RCW 7.105.310(1)(j) gives the trial court broad discretion to "[r]equire the respondent to . . . reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees" in issuing "any type of protection order."  We review an award of attorney fees for an abuse of discretion.  *Sullivan v. Schuyler*, 31 Wn. App. 2d 791, 812, 556 P.3d 157 (2024).

Here, Lowther prevailed in receiving a protection order against Czebotar.  Therefore, the trial court had discretion to order Czebotar to pay Lowther's attorney fees.  Czebotar argues that Lowther's subsequent purchase of a car undermines her need for attorney fees.  But RCW 7.105.310(1)(j) does not require the trial court to determine financial hardship or necessity before issuing an attorney fee award.  The statute only requires that a petitioner succeed in obtaining a protection order.  Czebotar does not argue that the trial court otherwise abused its discretion.

Accordingly, we hold that the trial court did not abuse its discretion in awarding Lowther her attorney fees.

C.       ATTORNEY FEES ON APPEAL

Lowther requests attorney fees on appeal.  RCW 7.105.310(1)(j) permits a court to order a respondent to pay court costs and reasonable attorney fees in issuing any type of protection

---

[2] Czebotar also argues that the trial court's order is overbroad and not narrowly tailored because it interferes with his ability to participate in his son's school activities and he does not present an ongoing threat.  But any challenge to the scope of the protection order is moot because the order has now expired.

order. A party may recover appellate fees on appeal of a protection order where attorney fees are permitted in the trial court. *Sullivan*, 31 Wn. App. 2d at 814.

Here, Lowther is the prevailing party on Czebotar's appeal of the entry of the antiharassment protection order. Therefore, we grant Lowther's request for attorney fees.

CONCLUSION

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
PRICE, A.C.J.

_____
CRUSER, J.